{¶ 25} I agree with the majority opinion that there is no basis to vacate the arbitration award in this matter. However, I disagree with the determination that the matter should be returned to the trial court for a confirmation of the arbitration award.
 {¶ 26} As the majority indicates, the trial court determined that there was a miscalculation in the arbitration award and chose to modify the award. However, the exact amount of the articulated miscalculation of $24,985 was reported in plaintiff's exhibit 26, and the arbitrator referenced this exhibit in the award. Because the record lacks clarity as to whether the arbitrator intended to include this amount in its *Page 13 
calculation, I believe the trial court should have remanded the matter to the arbitrator for clarification. A remand for clarification has been held to be a permissible vehicle in arbitration under Ohio law. SeeZarkovic Constr. Co. v. Mijic (Oct. 19, 1990), Trumbull App. No. 89-T-4252. *Page 14 
 APPENDIX APPENDIX Appellant/Cross-Appellee's Assignments of Error
I. The trial court erred in modifying the arbitrator's award.
II. The trial court erred in not awarding statutory interest from the date of the arbitrator's award.
Appellees'/Cross-Appellants' Assignments of Error:
I. The trial court erred when it failed to vacate the arbitration award which had no rational nexus to the contract between Woodbridge and the Lombardy Defendants.
II. The trial court erred when it failed to vacate the arbitration award which was the result of the arbitrator so imperfectly executing his powers that a mutual, final and definite award was not made.
III. The trial court erred when it failed to vacate the arbitration award which contained a material mistake of law by awarding damages to Woodbridge despite Woodbridge's breach of the implied obligation to perform under the contract in a workmanlike manner using ordinary care. *Page 1